# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr232

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SANONG VILAIPHONE. ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the case.

On November 18, 2008, the Defendant was indicted in a four-count bill of indictment and charged with possession with the intent to distribute "MDMA" and "Ecstasy" in violation of 21 U.S.C. § 841(a)(1). The Defendant's initial appearance and arraignment occurred on November 24, 2008, at which time counsel made an appearance on behalf of the Defendant and the Defendant's case was placed on the December 2, 2008 calendar for trial.

"Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and

elects to proceed pro se." 18 U.S.C. §3161(c)(2). The Defendant here has not so consented and thus, his trial may not start less than thirty days from his appearance with counsel.

In addition, the Court finds that counsel would not have an adequate opportunity to prepare for trial, taking into account the exercise of due diligence. The Court therefore finds that a failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(8)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the December 2, 2008 term in the Charlotte Division.

Signed: November 25, 2008

Martin Reidinger
United States District Judge