# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr232

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SONANG VILAIPHONE. ) | |

**THIS MATTER** is before the Court on the Defendant's Appeal to District Court of Order to Revoke Bond [Doc. 14], filed February 13, 2009.

On November 18, 2008, the Defendant was charged in an indictment with four counts of possession with intent to distribute MDMA, also known as Ecstasy, in violation of 21 U.S.C. § 841(a)(1). The Defendant's initial appearance and arraignment occurred on November 24, 2008, at which time the Defendant was released on bond and the Defendant's case was placed on the December 2, 2008 calendar for trial. On November 25, 2008, the Court entered an Order *sua sponte* continuing the trial of this matter to the February 9, 2009 trial term. [Doc. 5].

On January 22, 2009, the Defendant moved for another continuance of the trial date and for an extension of the plea agreement deadline. [Doc. 10].

The Court denied the Defendant's request for a continuance of the trial but granted an extension of the plea agreement deadline to January 30, 2009, [Doc. 11], and a plea agreement was filed on that date. [Doc. 12].

On February 6, 2009, the Defendant entered a plea of guilty to one count of possession with intent to distribute MDMA pursuant to a written plea agreement with the Government. Following the acceptance of the Defendant's guilty plea, the Government moved to revoke the Defendant's bond pursuant to 18 U.S.C. § 3143. The Magistrate Judge granted the Government's motion, but upon request of the Defendant, the Magistrate Judge stayed its Order revoking the Defendant's bond pending this appeal.

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. See 18 U.S.C. § 3143(a)(2); United States v. Goforth, 546 F.3d 712, 713-14 (4th Cir. 2008). First, a defendant may be released pending sentencing if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released pending sentencing if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii). The

third exception is found in 18 U.S.C. § 3145(c), which provides, in pertinent part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1)[1] . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (emphasis added). The District Court is a "judicial officer" within the meaning of § 3145(c) and is therefore authorized to release defendants when "exceptional reasons" exist. Goforth, 546 F.3d at 716.

Due to the nature of the offense to which he pled guilty, the Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 1343(a)(2). The Defendant is not subject to release pursuant to either 18 U.S.C. § 3143(a)(2)(A)(i) or 18 U.S.C. § 3143(a)(2)(A)(ii), but rather seeks release pursuant to 18 U.S.C. § 3145(c), arguing that there are exceptional reasons why his detention pending sentencing would not be appropriate. Specifically, the Defendant contends that the following circumstances warrant his release pending sentencing: (1) the Defendant has been and continues

---

[1] Section 3143(a)(1) provides, in pertinent part, that a defendant who is awaiting sentencing may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1).

to be "extremely cooperative" with the Government, and the Government may move for a downward departure pursuant to U.S.S.G. § 5K1.1 based on his cooperation; (2) the Defendant has been in compliance with all requirements of his pretrial release; (3) the Defendant has virtually no criminal record, only minor traffic violations; (4) the Defendant is gainfully employed and is the primary wage earner for his wife and two small children; (6) the Defendant and his wife work different shifts, and the Defendant is the primary caregiver for the children when his wife is at work; (7) the Defendant's wife will not be able to maintain the home and care for their children without significant assistance from the Defendant; and (8) the Defendant is not an excessive user of alcohol, and he does not use any drugs or other controlled substances. Additionally, the Defendant argues that his continued release would not pose a danger to the community, as no weapons were involved in the offense and the Defendant does not have a record of violence, and further that his family ties are local, and therefore he is not likely to flee. [Doc. 14].

In response, the Government notes that the Defendant has cooperated with the investigation, although he is no longer assisting law enforcement on a proactive basis, and that the Government may move for a downward departure based on his cooperation. The Government further concurs that

the Defendant poses a low flight risk and does not appear to be a danger to the community. Recognizing the Defendant's cooperation with the Government and his compliance with the terms of his pretrial release, the Government concedes that this case "is a close call." [Doc. 15].

The Court concludes that the Defendant does not satisfy the requirement for release under § 3145(c). Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and

to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F. Supp. 504, 508 (D. Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).").

Accordingly, for the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Appeal to District Court of Order to Revoke Bond [Doc.

14] is **DENIED**, and the Magistrate Judge's Order revoking bond is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed: February 18, 2009

Martin Reidinger
United States District Judge